**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT SALDANA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BILL LOCKYER,<br><br>　　　　　Respondent. | NO. CV 08-2210-DMG (MAN)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report.  Further, the Court has conducted a *de novo* review of those portions of the Report to which objections have been made.

The Court has reviewed and carefully considered plaintiff's lengthy objections to the Report.  Most of plaintiff's objections restate the arguments made in his Petition and Traverse, which the Magistrate Judge considered and rejected, and they will not be addressed in this Order, because the Court agrees with the Magistrate Judge's findings and conclusions.  The Court addresses below the following objections made by Petitioner:

Petitioner argues that the analysis of claims pursuant to the review standard of 28 U.S.C. § 2254(d) is error. Petitioner contends that the Magistrate Judge should have reviewed his claims on a *de novo* basis, because the state court did not address all of his federal claims and did not address any of them adequately. (Objections at 3-6.) With respect to his latter assertion, Petitioner misunderstands how the deferential Section 2254(d) standard is applied. With respect to his former contention, a federal court must presume that, when a state court rejects a federal claim without expressly adjudicating it, the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___, 133 S. Ct. 1088, 1096 (2013). That presumption can be rebutted in some limited circumstances, *see id.*, but Petitioner's attempt to do so falls far short of the necessary showing.

With respect to Ground One, and Petitioner's complaint about his counsel's failure to file a severance motion, Petitioner asserts that the Magistrate Judge "fail[ed] to consider" that one of the charged crimes was "death penalty eligible," while other joined charges were not. Petitioner overlooks that, by the time of trial, the death penalty was not sought with respect to any of the charged crimes. Thus, there was no error in this respect.

With respect to Ground Two, Petitioner objects to the statement in the Report (p. 23) that, during Bianca Espana's videotaped police interview, she said that, when the shooter "got out of the truck, he wore a beanie that left his face exposed," and "[b]efore he started shooting, he pulled the beanie down to completely cover his face." Petitioner contends that Espana actually said she saw the shooter's exposed face when the truck passed the location where she was playing, and when the shooter got out of the truck, she noticed that he had pulled the beanie over his face. (Objections at 14.) Petitioner argues that this shows that Espana, who told the police that Petitioner's photograph did not look like the shooter, was not "three houses away" when she saw the shooter's face as stated in the Report (at 25) and had as good an opportunity to see his face as did eyewitness Graciano Ornelas, who identified Petitioner as the shooter. (Objections at 16-17.)

In Espana's videotaped interview, she stated that the shooter had a beanie on when he was in the truck that passed by her and the other children, and when he exited the truck, he pulled it down to cover his face before he started shooting. (Petition, Ex. E at approximately 32:35 and 33:40.) Even if, as Petitioner contends, Espana had an opportunity to view the shooter that arguably was as good as the eyewitness who was present at the shooting, there were other statements made by Espana, as the Report explains (at 25-26), that bolstered the prosecution's case by tending to implicate Petitioner. Thus, even if this issue is close, under the doubly deferential review standard applicable to this ineffective assistance of counsel claim, habeas relief is not warranted.

With respect to Ground Six, Petitioner contends that the Report erroneously states, on page 59, that "[w]hen interviewed by defense investigator Luna, Ornelas claimed that he was inside the house at the time of the shooting and did not see it and *he identified Petitioner and Cedeno (Kiki) so that he could get out of jail*" (emphasis added), and Ornelas testified that he lied to both the police and Luna. Petitioner contends that the only time Ornelas made this italicized statement was when, on cross-examination, he was describing his third interview with the police (3 RT 189-90), and it was a description of his reason for identifying Petitioner as the shooter and not a statement he later claimed was a lie. (Objections at 49.) There is no error in the Report. While it is true Ornelas testified that, during his third police interview, he identified Petitioner and Kiki, because Ornelas thought the police would help him get out of jail (3 Reporter's Transcript ("RT") 190), Ornelas *also* testified as set forth in the Report, *i.e.,* that when he was interviewed by defense investigator Luna, Ornelas said that in a police interview, he "picked these guys out so [he] could get out of jail" (3 RT 197).

Finally, Petitioner has submitted three new declarations, which have been signed by him, his brother Amado Saldana, and his brother-in-law Victor Correa. Petitioner states that he has done so, and is attempting to obtain additional declarations, because the Report, citing Dow v. Woods, 211 F.3d 480, 486 (9th Cir. 2006), notes -- in connection with Petitioner's claim that his

counsel should have called certain witnesses -- that Petitioner failed to provide declarations from such persons setting forth the substance of the testimony they would have provided. Petitioner complains that neither the state courts nor Respondent advised him of this Ninth Circuit authority, and he did not run across it in his own research. (Objections at 65.) Petitioner asserts that, because of his failure to provide this new evidence in his state court proceedings and before now, he is entitled to an evidentiary hearing. (*Id.* at 64-66.)

A district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See* Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). Even if the Court were inclined to exercise its discretion to consider this new evidence,[1] Petitioner's argument fails for several reasons.

First, Petitioner bears the burden of showing that he is entitled to federal habeas relief. It was not up to the state courts or Respondent to advise Petitioner regarding how to meet his evidentiary burden.

Second, the declarations of Petitioner's brother and brother-in-law merely repeat, under penalty of perjury, the substance of what they told the defense investigator, according to his report. (Report at 45; Petition, Ex. I.1-I.3.) Although the Report notes plaintiff's failure to provide the declarations of these two men, the Magistrate Judge nonetheless analyzed Petitioner's claim based on the assumption that these two men would have testified consistently with the

---

[1] *See* Sossa v. Diaz, 729 F.3d 1225, 1231 (9th Cir. 2013) (finding an abuse of discretion in the failure to consider new arguments made by a *pro se* petitioner in his objections to a report and recommendation). The Court notes, however, that: unlike the petitioner in Sossa, Petitioner is not "making a novel claim in an unsettled area of law" (*id.*) but, rather, has made a standard ineffective assistance of counsel claim based on counsel's failure to call certain persons as witnesses; and the Ninth Circuit decided Dow before Petitioner raised his claims in the state courts.

4

defense investigator's report. (Report at 45-56.) Thus, the provision of these two third party declarations now does not affect or detract from the analysis in the Report.

Petitioner also submits his own declaration now. Petitioner describes various conversations with his trial counsel and provides evidentiary support, in the form of his statements under penalty of perjury, for various factual assertions in his Petition, Traverse, and Objections. Nothing in plaintiff's belated declaration, however, changes or detracts from the Report's analysis of the issues in any material way.

Third and critically, the three declarations appended to the Objections -- and any declarations Petitioner may obtain and proffer hereafter -- constitute new evidence that was not provided to the state courts when they considered Petitioner's habeas claims and rejected them on their merits. Under Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388 (2011), a federal habeas court conducting Section 2254(d) review cannot consider evidence the petitioner did not present to the state courts when he exhausted his claims. *See id.* at 1400 (holding "that evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."). Thus, even if the Court wished to consider the belated declarations, it could not do so. *See* Gulbrandson v. Ryan, 738 F.3d 976, 993 (9th Cir. 2013) ("for claims that were adjudicated on the merits in state court, petitioners can rely only on the record before the state court in order to satisfy the requirements of § 2254(d)"). For this same reason, an evidentiary hearing to adduce new evidence based on these declarations or to present other evidence not provided to the state courts is not warranted. *See id.* at 994 (when a state court has denied habeas claims on their merits, *Pinholster* precludes "further factual development of these claims" through an evidentiary hearing to determine whether Section 2254(d)(1) or (d)(2) is satisfied); Stokley v. Ryan, 659 F.3d 802, 809 (9th Cir. 2011) ("*Pinholster's* limitation on the consideration of [a petitioner's] new evidence . . . in federal habeas proceedings also forecloses the possibility of a federal evidentiary hearing"), *cert. denied*,

__ U.S. __, 133 S. Ct. 134 (2012).

Having completed its review, the Court accepts the Report and the findings of fact, conclusions of law, and recommendations therein. Accordingly, IT IS ORDERED that: (1) the Petition is denied; and (2) Judgment shall be entered dismissing this action with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 30, 2014

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE